United States District Court
Southern District of Texas

**ENTERED**

June 26, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| SONG HA KHAM, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-04427 |
|  | § | |
|  | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
|  | § | |
|  | § | |
| TODD BLANCHE, *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Song Ha Kham filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 4, 2026. Dkt 1. He states that he was granted lawful permanent resident status after arriving to the United States in 1986 but acknowledges that he was ordered removed in 1998 following a criminal conviction. Id at ¶¶21–27. After a prolonged period of release on an order of supervision, Petitioner states that he was re-detained on May 1, 2026. Id at ¶30. He asserts that his current detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) regulations pertaining to revocation of supervision orders, and (iii) "humanitarian concerns." Id at ¶¶41– 56.

Prior order noted that Petitioner indicated that he's subject to a final order of removal, meaning that he's detained pursuant to 8 USC §1231(a) rather than §1225(b). Dkt 4 at 1; see also Dkt 1 at 23 (order of removal). It was also observed that his detention hasn't yet approached the "presumptively reasonable" six-month period set forth in *Zadvydas v Davis* regarding detention after entry of a final order of removal under §1231(a)(6). Dkt 4 at 1, quoting 533 US 678, 701 (2001). Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 5. It argues that Petitioner's detention pending his imminent removal is lawful under §1231(a)(6) as interpreted in *Zadvydas*. Id at 4–7. It further alleges that Petitioner repeatedly failed to attend check-ins pursuant to his order of release on supervision. See id at 3. And it attaches to a sworn declaration from Deportation Officer Willie Gaines to the effect that the Government received a travel document on behalf of Petitioner from the Cambodian embassy and completed an Escort Threat Assessment on June 4, 2026. Dkt 5-1 at ¶30. He further states that Petitioner will soon be removed from the United States "pending a commercial flight to Cambodia." Ibid.

On reply, Petitioner contends that he timely reported for all appointments required by his order of release. Dkt 6 at 4. He further alleges that his detention is unlawful in light of his community ties and the lack of any significant likelihood that he will be removed in the reasonably foreseeable future. Id at 2–7.

Petitioner concedes that he's subject to a final order of removal. Id at 5. The *Zadvydas* framework regarding detention pending removal thus governs. The undersigned considered that framework at length in *Abuelhawa v Noem*, 811 F Supp 3d 847, 855–57 (SD Tex 2025). That analysis is incorporated. In short, the Supreme Court interprets 8 USC §1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 US at 689. It further holds in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

Petitioner's current detention has lasted less than two months. See Dkt 1 at ¶3 (stating detention began on May 1, 2026). His detention is thus presumptively reasonable

2

under *Zadvydas*, and "any challenge to his continued post-removal order detention is premature." See *Agyei-Kodie v Holder*, 418 F Appx 317, 318 (5th Cir 2011). Beyond this, Petitioner provides no evidence to rebut this presumption by showing good reason to believe his removal isn't significantly likely to occur in the reasonably foreseeable future. He thus fails to carry his initial burden in showing that continued detention under §1231(a) is unlawful. See *Abuelhawa*, 811 F Supp 3d at 859 (petitioner proceeding under *Zadvydas* framework, as codified by 8 CFR §241.13, bears initial burden of showing good reason to believe no significant likelihood of removal in reasonably foreseeable future exists).

The parties also dispute whether Petitioner violated conditions of his release by failing to appear for required check-ins. See Dkts 5 at 3 & 6 at 4. But any such failure would in no way impact the length of Petitioner's detention and the likelihood of his removal in the reasonably foreseeable future. It thus isn't pertinent to determination whether detention comports with *Zadvydas*.

To the extent, Petitioner argues that his detention contravenes regulations pertinent to revocation of supervision orders, he points to no specific regulation supporting such contention. See Dkts 1 at ¶¶47–52 & 6 at 2–7.

Other contentions concerning Petitioner's personal circumstances with respect to the health conditions of his mother, sister, and wife, as well as his ties to the community, are sympathetic and may bear on the question of whether he should ultimately be removed. See Dkts 1 at ¶¶33–37, 53–56 & 6 at 3–4; see also Dkt 1 at 51–101 (letters from family and community members). But they don't bear on the question of whether he may be detained under §1231(a) during the pendency of such removal proceedings. As such, he hasn't shown that his current detention violates his rights under the Due Process Clause.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Song Ha Kham is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on June 24, 2026, at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge

4